COMMONWEALTH of Pennsylvania,
Appellee

v.

Brent GALLETTA, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 27, 2004.

Filed Dec. 7, 2004.

Christopher M. Shipman, Easton, for appellant.

Patricia C. Broscius, Assistant District Attorney, Easton, for Commonwealth, appellee.

Before: BENDER, McCAFFERY and POPOVICH, JJ.

OPINION BY BENDER, J:

¶ 1 Brent Galletta (Appellant) appeals from the judgment of sentence of 2½ to 5 years' imprisonment imposed on February 27, 2004, following his conviction after a jury trial of one count of corruption of minors involving a 15 year old girl. Appellant also appeals from the order, dated March 5, 2004, that revoked his parole and recommitted him to serve the balance of a sentence that was originally imposed on December 21, 2001, following his guilty plea to two counts of corruption of minors.[1] We affirm both the judgment of sentence and the order revoking parole that requires Appellant to serve backtime.

¶ 2 We address the appeals from judgment of sentence and the order separately.

### Case No. 998 EDA 2004

¶ 3 On August 31, 2002, Appellant was charged with indecent assault, interference with custody of children, and corruption of minors with regard to G.F., a 13 year old girl. Appellant was also charged with aggravated indecent assault, indecent assault and corruption of minors involving B.F., a 15 year old girl who was G.F.'s older sister. The two cases were consolidated for trial and on January 12, 2004, the jury returned a verdict of guilty on one count of corruption of minors pertaining only to B.F. Appellant was found not guilty of all other charges. On February 27, 2004, Appellant was sentenced to 2½ to 5 years' imprisonment, the statutory maximum. Following the denial of his post-sentence motions, Appellant appealed to this Court, raising the following issue for our review:

> A. Did the trial judge abuse his discretion, thereby committing reversible error, in sentencing Mr. Galletta to the statutory maximum term of incarceration on the charge of corruption of minors, in that this sentence exceeded the standard range of sentence set forth in the sentencing guidelines, and the trial judge did not adequately state upon the record the factors which would justify such sentence?

Appellant's brief at vii.

¶ 4 An appellant who challenges the discretionary aspects of his sentence does not have an appeal as of right. *Commonwealth v. Petaccio*, 764 A.2d 582 (Pa.Super.2000). In order for an appellant to challenge the discretionary aspects of his sentence, he must first "set forth in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f). Second, the appellant must show "that there is a substantial question that the sentence is not appropriate under the Sentencing Code." *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d

---

1. We consolidate these appeals *sua sponte,* as did the trial court for purposes of preparing its opinion written pursuant to Pa.R.A.P. 1925(a).

617, 621 (2002). Moreover, "[w]hether a substantial question has been raised is determined on a case by case basis." *Petaccio,* 764 A.2d at 586.

¶ 5 Initially, we note that Appellant's brief does not contain a separate Rule 2119(f) statement. Rather, Appellant sets forth his reason for allowance of appeal in the first paragraph of the argument section of his brief. The Commonwealth has not objected; therefore, we may review Appellant's claim if the presence of a substantial question is evident from Appellant's brief. *See Commonwealth v. Saranchak* 544 Pa. 158, 675 A.2d 268, 277 n. 18 (1996). Specifically, Appellant argues that the trial court "failed to state on the record adequate reasons for imposing a sentence in excess of the aggravated range" as set forth in the sentencing guidelines. Appellant's brief at 3. Such allegations raise a substantial question. *See Commonwealth v. McNabb,* 819 A.2d 54, 56 (Pa.Super.2003); *Commonwealth v. Mickell,* 409 Pa.Super. 595, 598 A.2d 1003, 1006–07 (1991). Therefore, we grant allowance of appeal as to Appellant's challenge to the discretionary aspects of his sentence.

¶ 6 "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Roden,* 730 A.2d 995, 997 (Pa.Super.1999) (quoting *Commonwealth v. Harris,* 719 A.2d 1049, 1052 (Pa.Super.1998)).

> The following standards are applicable in evaluating the merits of [an allegation the Trial Court committed an abuse of discretion in sentencing outside the guideline ranges]:
>
> In sentencing outside the guidelines, the sentencing judge must follow the mandate of § 9721(b) of the Sentencing Code, 42 Pa.C.S. § 9701 *et seq.,* which

provides in pertinent part: ... [t]he statute requires a trial judge who intends to sentence a defendant outside the guidelines to demonstrate on the record, as a proper starting point, his awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as he also states of record "the factual basis and specific reasons which compelled him to deviate from the guideline range."

*Commonwealth v. Eby,* 784 A.2d 204, 206 (Pa.Super.2001) (alteration in original) (quoting *Commonwealth v. Davis,* 737 A.2d 792, 798 (Pa.Super.1999)).

¶ 7 There is no doubt the sentence imposed not only exceeded the guideline range, but was the statutory maximum allowed. The sentencing court acknowledged that fact on the record. Therefore, in reviewing the court's statements justifying the sentence, we must determine whether the court considered all the relevant factors as discussed in *Eby* and put its reasons for sentencing beyond the guideline range on the record. Specifically, at the sentencing hearing, the court stated:

> THE COURT: Thank you, sir. Mr. Galletta, I have considered carefully the entire presentence report. I have also considered carefully the report prepared by Reading Specialists and signed by Robert W. Gil, also the very brief report from Carol Herzon–Loney who had done some sex offender therapy from July 1st, 2002 through September 9th, 2002, and of course the report from Doctor Wisser dated February 16th, 2004 who

performed a psychological evaluation on you.

I have also carefully considered the sentencing guidelines which as I indicated to you call for a mitigated range of restorative sanctions, a standard range of one to 12 months, and aggravated range of 15 months.

I note that you are 31 years of age. At the time this offense occurred you were 29–years–old.

I also note that the victim was 15–years–old at the time of this event. You do have a high school diploma. Your prior record has already been factored into the prior record score, so I cannot consider the prior record separate from the sentencing guidelines; it's already part of the sentencing guidelines, but I do note and am considering that you were on parole for this violation and that prior offense of particular concern in this case, sir, is the prior offense was a corruption of minors. The prior offense still dealt with a teenage girl.

The current offense which you've been found guilty by the jury, and I do respect the jury's verdict, and I am sentencing you solely on the offense which you were found guilty.

The current offense involves corruption of minors, and again, a teenage girl. By your own admission you did have involvement with both teenage girls, although you deny and were not found guilty of having any sexual contact with the 13–year–old.

By your own admission you arranged to meet these two girls at a movie theater, where they were being dropped off by their mother. She certainly could have had no idea even in her wildest dreams that there was a 29–year–old man waiting inside that theater for her young daughters to meet when she thought they were going to see a movie.

I can only imagine every parent in hearing the details of this crime wondering if they can ever just drop their teenage daughters off at the local theater to go in and see a movie without first checking to see who they're with or otherwise supervise them.

By the end of that movie, you were already sitting in the back of the theater kissing the 15–year–old girl despite your age of 29 years.

I note the age of the victim, I note the disparity in age between you and the victim. And of course as I indicted before, you were on parole for a similar offense and that there have already been attempts to give you the necessary treatment to insure that you would not further victimize young girls and it failed.

I am bound to consider the sentencing guidelines, and it is only in extraordinary cases that the Court should have deviate [sic] from the sentencing guidelines. It is not appropriate for this Court to substitute its own sense of justice for that of the Legislature or of the Sentencing Commission. And I do not intend to substitute my own judgment.

But I do find that this is the extraordinary case where the Court appropriately must deviate from the guidelines. And that is because there are extraordinary circumstances involved here. To victimize the teenage victims in this case in particular a 15–year–old when you're already on parole for victimizing another teenage girl, the disparity in the ages, the way you went about preying on this girl, and I must refer to the 13–year old only because of your admitted conduct that you had contact with her and she was in your apartment only briefly and you gave her your phone number, and this is how you arranged to meet the 15–

years–old girl. It's not just that you should have known better, it's that you still do not appreciate the wrongfulness of your conduct. And I have a great fear that the moment you're not isolated from our community you'll begin again to plan your next victimization; that you will continue to prey on children, and that the only thing this Court can do in the exercise of its discretion is to keep you isolated from the community every possible day that I can while we attempt to get you whatever treatment is necessary such that when you are released we don't have more victims.

Accordingly, sir, and I'll note the factual basis is not in contention. It's not simply what the jury found, it's what you admitted to. And it's that conduct that forms the factual basis upon which I'm entering this sentence.

On the offense of corruption of minors, I am sentencing you to a minimum of two and a half years to a maximum of five years in the state correctional institution. I am ordering you to pay a fine of $2500. I'm ordering to you [sic] pay the cost of prosecution.

At this point, sir, I must recommend to the State Parole Board that they not even consider paroling you until the expiration of your maximum sentence unless and until they can be convinced, in light of the repeat nature of this offense, that you are able to; number one, be supervised in such a way that you're not able to victimize another child because I believe you will victimize another child if you're given that opportunity, or that you have such treatment that somehow you are a changed person.

My sentence reflects the fact that I believe you continue to pose a danger to the public. This amount of confinement I have imposed, while I recognize it is two and a half times the recommended maximum standard range sentence, I believe it is the absolute minimum amount of confinement consistent with the protection of the public, the gravity of the offense, and your rehabilitative needs.

In imposing this sentence I fully considered your character, which I had ample opportunity to both observe during the trial, including while you testified, and here today, as well as considering everything within the pre-sentence report and accompanying evaluations. I am very much concerned with what I see as a lack of remorse, although I do note that today for the first time it appears as though there was some remorse but still I am convinced that you do not appreciate the wrongfulness of what you did which further convinces me that you will re-offend if you are not isolated from the community.

I also have to consider the overall effect and the nature of the crime that you have committed. Mr. Galletta, do you understand the sentence that I have imposed?

THE DEFENDANT: Yes.

THE COURT: Do you understand the reason for the sentence, sir?

THE DEFENDANT: Yes.

N.T. Sentencing, 2/27/04, at 29–36.

¶ 8 Although Appellant acknowledges that the court must consider the types of factors espoused in *Eby*, he does not contend that the court did not review these factors. Rather, he argues that the facts in the instant case are not distinguishable from those found in a typical case involving the same offense, which he asserts calls for a sentence in the standard range. To support this proposition, Appellant relies on language from *Commonwealth v. Walls*, 846 A.2d 152 (Pa.Super.2004), wherein we stated that:

The provision of a "norm" also strongly implies that deviation from the norm should be correlated with facts about the crime that also deviate from the norm for the offense, *or facts relating to the offender, or facts relating to the offender's character or criminal history that deviate from the norm* and must be regarded as not within the guidelines contemplation. Given this predicate, simply indicating that an offense is a serious, heinous or grave offense misplaces the proper focus. The focus should not be upon the seriousness, heinousness or egregiousness of the offense generally speaking, but, rather, upon how the present case deviates from what might be regarded as a "typical" or "normal" case of the offense under consideration.

*Id.* at 158 (emphasis added).

¶ 9 Interestingly, Appellant omits the above-highlighted portion of the language in *Walls*, specifically, the words: "or facts relating to the offender's character or criminal history that deviate from the norm," *id.*, which we find directly relevant to Appellant's argument. The *Walls* court further explained that:

If the sentencing court, under the guise of exercising its discretion, imposes a sentence that deviates significantly from the guideline recommendations without a demonstration that the case under consideration is compellingly different from the "typical" case of the same offense, or without pointing to other sentencing factors that are germane to the case before the court, including the character of the defendant or the defendant's criminal history, then the court is not, in reality, merely exercising its sentencing discretion. Rather, the court is, in effect, rejecting the assessment of the Sentencing Commission as to what constitutes just punishment for

a typical commission of the crime in question.

*Id.* (emphasis added). Again, the *Walls* court includes a reference to character and criminal history as factors to be considered at the time of sentencing even though the facts of a particular case are "typical" or the "norm."

¶ 10 Here, the sentencing court considered the sentencing guidelines and the factors set forth in 42 Pa.C.S. § 9721(b), *i.e.*, the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant. The court also referenced Appellant's character, his lack of remorse until the time of sentencing, the age difference between him and the victim, and its belief that Appellant was not amenable to supervision in light of his parole status resulting from the earlier commission of the same crimes.

¶ 11 In addition to the requirement that a court, if deviating from the guidelines, must disclose in open court "a statement of the reason or reasons for the sentence imposed," the court must also "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b). In the present case, the court complied with the writing requirement by recording its reasons for the enhanced sentence on the Guideline Sentence Form. *See* 204 Pa.Code § 303.1(d). The court wrote: "Young age of victim; difference in ages b/t victim and defendant; defendant on parole at time of offense for similar offense—not amenable to supervision; danger to community; no remorse; unable to appreciate wrongfulness of conduct." *See* Guideline Sentence Form. Moreover, we note that in its opinion filed pursuant to Pa.R.A.P.1925(a), the sentencing court responded to Appellant's argument by stating that "[w]e found this case to be compellingly different from the

typical case of the same offense, and imposed an individualized sentence that we determined to be the minimum confinement consistent with the gravity of the offense, the need for public protection, and the defendant's needs for rehabilitation." Trial Court Opinion (T.C.O.), 5/28/04, at 10.

¶ 12 We further note that Appellant suggests that the only aggravating factor was Appellant's status as a parolee and that that alone is insufficient to warrant the sentence he received. Appellant also contends that even though he was acquitted of crimes involving the 13 year old, the court improperly based the sentence on his conduct with her. We disagree and recognize that the focus of our inquiry is whether the sentence is unreasonable. *See* 42 Pa.C.S. § 9781(c). Following our review of the record, we conclude that the sentence imposed was not unreasonable. Although we may not have chosen to impose the statutory maximum in this case, we find that the sentencing court balanced the relevant factors as required and, therefore, did not manifestly abuse its discretion by imposing the sentence it did. The sentencing court's oral explanation at the time of sentencing along with its written statement of reasons for deviating from the guidelines shows consideration for and an understanding of the relevant factors that a sentencing court must balance in order to fashion an appropriate sentence. Accordingly, because we conclude that the court did not manifestly abuse it discretion, we are compelled to affirm.

### Case No. 997 EDA 2004

■ ¶ 13 We now turn to Appellant's appeal concerning the revocation of his parole and his recommitment to serve the balance of his sentence originally imposed on December 1, 2001, following his guilty plea to two counts of corruption of minors.[2]

Appellant was on parole when he committed the criminal act that is at issue in his appeal at 998 EDA 2004, discussed above. As a result of his new conviction and for technical parole violations, Appellant was recommitted to serve the balance of his prior sentence, which the court ordered was to be served consecutive to the sentence of the 2½ to 5 years imposed for the new crime. The court denied Appellant's motion for reconsideration of sentence.

¶ 14 Appellant now appeals to this Court, raising one issue for our review: whether the sentencing court abused its discretion by sentencing Appellant to serve the balance of his sentence previously imposed consecutive to his new sentence.

¶ 15 In *Commonwealth v. Mitchell,* 429 Pa.Super. 435, 632 A.2d 934 (1993), this Court set forth the following, which guides our analysis in the present case:

Clearly, the order revoking parole does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence previously imposed. *See Commonwealth v. Carter,* 336 Pa.Super. 275, 281 n. 2, 485 A.2d 802, 805 n. 2 (1984). Moreover, such a recommittal is just that—a recommittal and not a sentence. *Abraham v. Dept. of Corrections,* 150 Pa.Cmwlth. 81, 97, 615 A.2d 814, 822 (1992). Further, at a "Violation of Parole" hearing, the court is not free to give a new sentence. The power of the court after a finding of violation of parole in cases not under the control of the State Board of Parole is "to recommit to jail...." *See Commonwealth v. Fair,* 345 Pa.Super. 61, 64, 497 A.2d 643, 645 (1985), *citing* 61 P.S. § 314. There is no authority for giving a new sentence with a minimum and maximum. *Id.* at 61, 497 A.2d at 645. Therefore, an appellant contesting a rev-

---

**2.** Appellant was sentenced to two concurrent    terms of 4 to 23 months' imprisonment.

ocation of parole need not comply with the provisions of Pa.R.A.P. 2119(f) by first articulating a substantial question regarding the discretionary aspects of sentencing. ... The sole issue on appeal is whether the trial court erred, as a matter of law, in revoking appellant's parole and committing him to a term of total confinement.

*Id.* at 936. *See also Commonwealth v. Ware,* 737 A.2d 251, 253 (Pa.Super.1999) (relying on *Mitchell* and reaffirming that "upon revocation of parole, the only sentencing option available is recommitment to serve the balance of the term initially imposed").

¶ 16 Appellant acknowledges that the sentencing judge had the discretion and authority to impose the balance of his sentence since he was found in violation of his parole. Moreover, Appellant concedes that he could find no case law to support his contention that this sentence is excessive because it must be served after he serves his most recently imposed sentence. Regardless, he argues that taken together the sentences are "disproportionately harsh and excessive." Appellant's brief at 5.

¶ 17 There is no question that Appellant was convicted of the new criminal offense. That conviction represents a violation of a condition of Appellant's parole and alone is a sufficient basis upon which to revoke parole. Moreover, premised on our review of the record, we are compelled to conclude that the court did not abuse its discretion by revoking Appellant's parole and recommitting him to serve the balance of his original sentence. Appellant's argument that this sentence is harsh and excessive cannot be addressed in the context of a review of a parole revocation, since as the *Mitchell* court held "there is no authority to give a new sentence...." *Mitchell,* 632 A.2d at 936. Appellant was not re-

sentenced; rather, he was recommitted solely to serve the remainder of his original sentence and may at some point again be granted parole. Accordingly, we find no trial court error.

¶ 18 Order in No. 977 EDA 2004 affirmed.

¶ 19 Judgment of sentence in No. 998 EDA 2004 affirmed.