J. A32007/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :     IN THE SUPERIOR COURT OF
                    :          PENNSYLVANIA
                    :
           v.            :
                    :
CHRISTOPHER A. OHM,          :
                    :
          Appellant    :     No. 922 EDA 2016

Appeal from the Order February 24, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002021-2015
CP-48-CR-0003791-2015

BEFORE: DUBOW, RANSOM, AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:         **FILED JANUARY 24, 2017**

Appellant, Christopher A. Ohm, appeals from the February 24, 2016

Order entered in the Northampton County Court of Common Pleas revoking

his parole and recommitting him to a term of total confinement. We reverse

the Order revoking Appellant's parole and remand for further proceedings.

This case involves the application of the Drug Overdose Response

Immunity statute.[1] The facts, as gleaned from the limited certified record

before us, are summarized as follows. While on parole for a False Reports

conviction, Appellant experienced a drug overdose event. As a result, the

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 35 P.S. § 780-113.7.

Commonwealth charged Appellant with Possession of Drug Paraphernalia.[2]

In the course of investigating Appellant's possession of drug paraphernalia

crime, Appellant purportedly admitted to consistent drug use while on

parole. Appellant's parole officer sought to revoke Appellant's parole based

on the drug paraphernalia charge.[3] Appellant pleaded guilty to possession of

drug paraphernalia.

On February 24, 2016, the trial court vacated Appellant's Judgment of

Sentence and the Commonwealth *nolle prossed* the possession of drug

paraphernalia charge pursuant to the Drug Overdose Response Immunity

statute. However, that same day the Commonwealth and the trial court

nonetheless moved forward to a ***Gagnon II***[4] violation of parole hearing.

Rather than relying on the charge for which Appellant was entitled to

immunity, the Commonwealth sought to revoke Appellant's parole based on

his statement about using drugs while on parole. The Commonwealth

believed his admission was sufficiently "independent" of the drug overdose

event pursuant to 35 P.S. § 780-113.7(d)(1) to serve as the basis of

Appellant's parole violation. Appellant's counsel disputed that the statement

---

[2] 35 P.S. § 780-113(a)(32).

[3] In the "Petition for Review of Parole" filed by Probation Officer Luke C. Deluise, it states that Appellant "violated the conditions of his supervision by receiving new charges on October 15, 2015 from the Bethlehem Township Police Department. [Appellant] was charged with Use/Possession of Drug Paraphernalia (M)." Petition for Review of Parole, filed 11/25/15, at 1.

[4] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

was made independent of the overdose event and indicated that Appellant's statements could have been made while Appellant was detained or on the way to the prison after his arrest on the drug paraphernalia charge, a charge for which he was ultimately entitled to immunity. N.T., 2/24/16, at 6. Appellant's parole officer was not present and there were no reports or notes admitted as evidence.[5]

After hearing argument and discussing Appellant's prior involvement with drug use, the trial court revoked Appellant's parole and recommitted Appellant to a term of total confinement. The trial court entered the following Order after the hearing:

> 1. With the agreement of the District Attorney's Office that the sentence in 3791-2015 that was entered on January 21, 2016 should be vacated, and it appearing that [Appellant] qualifies under the requirements of 780-113.7 as a person who was involved in a drug overdose, the case is hereby nolle prossed.
>
> 2. [Appellant] admitted to drug use, independent of the charges at 3791 of 2015 and in violation of his parole sentence at 2021 of 2015.
>
> 3. The [c]ourt finds that that independent admission is outside of the purview of the law at 780-113.7.

---

[5] Probation Officer Amy Moss reviewed Appellant's Probation Officer Luke DeLuise's "notes" in which he had written that Appellant had "admitted to doing 15 bags a day and cocaine." N.T., 2/24/16, at 8. She then stated: "[i]n speaking with [Appellant] prior to him coming up to you, he said he made that statement that he was doing that prior to this incident [and] that Mr. DeLuise misunderstood him. Now, I can't speak to that, because he is not here." *Id*. The notes about which Moss spoke were not proffered as evidence.

4. Appellant is sentenced to having his street time removed, serve the balance of sentence, eligible for re-parole in six months, credit for time served.

5. The [c]ourt recognizes the social policy that is at play in the law cited above and believes that it is the intention of the legislature to provide immunity from prosecution for the event itself that served the basis of 3791 of 2015 but not for admission to violation at times other than the event at 3791 of 2015.

Trial Court Order, dated 2/24/16, at 1-2.

Appellant timely filed a Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents one issue for our review:

Did the court err in finding that there was an independent admission of drug use which violated his probation[?]

Appellant's Brief at 7 (unpaginated).

Preliminarily, we observe:

Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.

Therefore, the purposes of a court's parole-revocation hearing— the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole.

- 4 -

*Commonwealth v. Kalichak*, 943 A.2d 285, 290-91 (Pa. Super. 2008) (internal citations omitted).

"The sole issue on appeal is whether the trial court erred, as a matter of law, in revoking appellant's parole and committing him to a term of total confinement." *Commonwealth v. Galletta*, 864 A.2d 532, 539 (Pa. Super. 2004) (citation and quotation omitted). "In order to support a revocation of parole, the Commonwealth need only show, by a preponderance of the evidence, that a parolee violated his parole." *Commonwealth v. Mitchell*, 632 A.2d 934, 936 (Pa. Super. 1993).

Our legislature enacted the Drug Overdose Response Immunity statute in 2014 to address heroin and opioid-related overdose deaths in the Commonwealth by encouraging cooperation with law enforcement to assist individuals experiencing drug overdoses. The statute provides, in relevant part, that:

> **§ 780-113.7. Drug overdose response immunity**
>
> (a) A person may not be charged and shall be immune from prosecution for [35 P.S. § 780-113(a)(32)] and for a violation of probation or parole if the person can establish the following:
>
>> (1) law enforcement officers only became aware of the person's commission of [35 P.S. § 780-113(a)(32)] because the person transported a person experiencing a drug overdose event to a law enforcement agency, a campus security office or a health care facility; or
>>
>> (2) all of the following apply:
>>
>>> (i) the person reported, in good faith, a drug overdose event to a law enforcement officer, the 911 system, a

campus security officer or emergency services personnel and the report was made on the reasonable belief that another person was in need of immediate medical attention and was necessary to prevent death or serious bodily injury due to a drug overdose;

(ii) the person provided his own name and location and cooperated with the law enforcement officer, 911 system, campus security officer or emergency services personnel; and

(iii) the person remained with the person needing immediate medical attention until a law enforcement officer, a campus security officer or emergency services personnel arrived.

(b) The prohibition on charging or prosecuting a person as described in subsection (a) bars charging or prosecuting a person for probation and parole violations and for violations of [35 P.S. § 780-113(a)(32)].

\* \* \*

(d) The prohibition on charging or prosecuting a person as described in this section is limited in the following respects:

(1) This section may not bar charging or prosecuting a person for [35 P.S. § 780-113(a)(32)] if a law enforcement officer obtains information prior to or independent of the action of seeking or obtaining emergency assistance as described in subsection (a).

35 P.S. § 780-113.7.

In the instant case, the trial court addressed Appellant's issue as follows:

[Appellant] contends on appeal that this [c]ourt erred in sentencing him on the parole violation[.] First, [Appellant] argues that the *Gagnon II* violation should also have been dismissed under the Drug Overdose Response Immunity provision. We disagree. The record reflects that, independent of the overdose event which led to the subsequently-dismissed

charges at term number 3791-2015, [Appellant] admitted to a probation officer that he had been using 15 bags of heroin a day.

There is no provision in the Drug Overdose Response Immunity act that prevents a defendant from being held on a violation where a condition of parole is to remain drug and alcohol free, and they admit to generally using drugs. The Drug Overdose Response Immunity provision only expressly prohibits charges resulting from the actual incidence of an overdose. Here, [Appellant] admitted to his probation officer that he had been using large quantities of heroin over a period of time, culminating in an overdose. That admission is sufficient to result in a parole violation sentence.

Trial Court Opinion, 4/1/16, at 1-2 (citation omitted). We disagree with the trial court's assessment.

Contrary to the trial court's Opinion, there is no admissible evidence in the record to support the trial court's conclusion that Appellant's statement of drug use was made independent of his drug overdose event. Moreover, based on the limited certified record before us, we conclude that the Commonwealth failed to provide sufficient evidence of probative value that Appellant violated the conditions of his parole.

Although the Commonwealth tried to "make an amendment to this petition with regard [to] the statements that [Appellant] made regarding his [drug] use[,]" there is no supporting documentation for this allegation. N.T., 2/24/16, at 5.

The circumstances surrounding Appellant's statements to law enforcement officials are far from clear. Appellant's parole officer did not testify at the hearing. Significantly, there are no reports in the certified

record providing the circumstances under which Appellant provided his allegedly independent admission of drug use. Nothing in the probation officer's Petition mentions Appellant's allegedly independent statements admitting to his prior extensive drug use.

The Commonwealth agreed that Appellant was entitled to immunity from prosecution for the drug paraphernalia charge and *nolle prossed* those charges voluntarily. N.T., 2/24/16, at 3-4. Significantly, the Commonwealth now "agrees with Appellant that a statement he made in the course of the investigation of the criminal offense for which he was entitled to immunity should not be used against him as evidence of a parole violation." Letter from Appellee, 9/21/16, at 1.[6]

In light of the above facts, the limited record before us, and the lack of evidence showing that the statements were not made in connection with the drug overdose event, Appellant is entitled to immunity from a charge of a parole violation pursuant to 35 P.S. § 780-113.7. The trial court, thus, erred as a matter of law in concluding that Appellant violated his parole. Accordingly, we reverse the February 24, 2016 Order revoking Appellant's parole and remand for further proceedings.

Revocation of parole reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Ransom joins the memorandum.

---

[6] The Commonwealth did not file an appellate brief in this matter.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2017