J-S53030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN HOWARD LEE | : | |
| | : | |
| Appellant | : | No. 3880 EDA 2016 |

Appeal from the Judgment of Sentence November 10, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001315-2011

BEFORE: GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 08, 2018**

John Howard Lee appeals from the judgment of sentence imposed November 10, 2016, in the Delaware County Court of Common Pleas. Upon stipulation to a technical violation of parole, the trial court re-sentenced Lee to 380 days full back time, to be aggregated with his existing state sentence with parole no sooner than his maximum date. Contemporaneous with this appeal, Lee's counsel has filed a petition to withdraw from representation and an **Anders** brief. **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981). The sole issue addressed in the **Anders** brief is a challenge to the discretionary aspects of Lee's sentence. For the reasons below, we affirm, and grant counsel's petition to withdraw.

_____

* Retired Senior Judge assigned to the Superior Court.

The facts of Lee's underlying conviction are not pertinent to our disposition of his appeal. We briefly note that on May 5, 2011, Lee originally entered into a negotiated guilty plea to driving under the influence ("DUI") (highest rate of alcohol/third or subsequence offense) and driving while license is suspended/revoked.[1] That same day, the court sentenced Lee to an aggregate term of 18 to 30 months' imprisonment, followed by two years' probation. He subsequently violated the terms of his parole and, following a *Gagnon* II[2] hearing on November 10, 2016, was sentenced to full back time of 380 days. This timely appeal followed.[3]

When counsel files a petition to withdraw and accompanying *Anders* brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. *See Commonwealth v. Bennett*, 124 A.3d 327, 330 (Pa. Super. 2015). Here, our review of the record reveals counsel has substantially complied with the requirements for withdrawal

---

[1] *See* 75 P.S. §§ 3802(c) and 1543(b)(1), respectively.

[2] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[3] On December 15, 2016, the trial court ordered Lee to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On January 4, 2017, Lee's counsel filed a statement of his intent to file an *Anders*/*McClendon* brief pursuant to Pa.R.A.P. 1925(c)(4). On April 4, 2018, the trial court filed an opinion, stating that because counsel filed a Rule 1925(c)(4) statement and expressed the intention to file an *Anders* brief, it would "refrain from entering any opinion on the merits" of Lee's appeal. Opinion, 4/4/2018, at unnumbered 2.

outlined in **Anders**, **supra**, and its progeny. Specifically, counsel requested permission to withdraw based upon his determination that the appeal is "wholly frivolous,"[4] filed an **Anders** brief pursuant to the dictates of **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009), furnished a copy of the **Anders** brief to Lee and advised Lee of his right to retain new counsel or proceed *pro se*. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Moreover, our review of the record reveals no correspondence from Lee responding to the **Anders** brief. Accordingly, we will proceed to examine the record and make an independent determination of whether the appeal is wholly frivolous. **See Commonwealth v. Flowers**, 113 A.3d 1246, 1248 (Pa. Super. 2015).

The only issue identified in counsel's **Anders** brief challenges the appropriateness of Lee's sentence:

> At the **Gagnon II** hearing herein, Mr. Lee stipulated that he was in violation of his probation [sic]. The record reflects, however, that he has been engaged in various beneficial programs while imprisoned. These include drug and alcohol programs such as Alcoholics Anonymous meetings, and anger management programs.
>
> The Judge nevertheless revoked his parole and re-sentenced him to serve his full back[t]ime of 380 days.
>
> Counsel believes an issue of arguable merit exists as to whether that new sentence is harsh and excessive under the circumstances.

---

[4] **See** Application to Withdraw Appearance, 6/20/2018, at ¶ 3.

This issue, however, is frivolous since the [trial court] had no discretion to impose any sentence other than full backtime for a parole violation. *See Commonwealth v. Galletta*, 864 A.2d 532 (Pa. Super. 2004). Moreover, the Court had to take into consideration the fact that Mr. Lee violated his parole by committing his fourth DUI.

*Anders* Brief at 5 (record citations omitted).

Our review of a parole revocation hearing and concomitant sentence is well-established:

Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. *Commonwealth v. Mitchell*, 429 Pa.Super. 435, 632 A.2d 934, 936 (1993). Indeed, there is no authority for a parole-revocation court to impose a new penalty. *Id.* Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. *Id.* …

Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. *Mitchell*, 632 A.2d at 936, 937. …

Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. *Mitchell*, 632 A.2d at 936. **Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence.** *Id.*

As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. *Galletta*, 864 A.2d at 539. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. *Id.* Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for sentence on the record. *Commonwealth v. Shimonvich*, 858 A.2d 132, 135 (Pa. Super. 2004). Challenges of those types again

implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole. ***Id.***

***Commonwealth v. Kalichak***, 943 A.2d 285, 290–291 (Pa. Super. 2008) (emphasis supplied).

As the ***Kalichak*** Court explained, and as acknowledged in the ***Anders*** brief, "the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence." ***Id.*** at 290. As such, Lee's claim that his re-sentence is harsh and excessive because the court ordered him to serve his full back time invokes a challenge to the discretionary aspects of sentencing, an issue that is not appropriate in an appeal from a parole revocation sentence. ***See id.*** at 291. Accordingly, we conclude Lee has failed to present any viable claim for our review.

Because we agree with counsel's assessment that this appeal is wholly frivolous, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/8/18

- 5 -