J-S23030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES VINCENT MATTUCCI | : | |
| | : | |
| Appellant | : | No. 30 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 12, 2022,
in the Court of Common Pleas of Carbon County,
Criminal Division at No(s):  CP-13-CR-0000577-2018.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:　　　　**FILED SEPTEMBER 25, 2023**

Charles Vincent Mattucci appeals from the judgment of sentence imposed following revocation of his parole.  Upon review, we affirm.

The VOP court detailed the relevant facts and procedural history as follows:

> On October 18, 2019, Defendant, Charles Vincent Mattucci, pled guilty to one count of driving under the influence, highest rate of alcohol [75 Pa. C. S.A. §3802 (c)], as a second offense, and one count of driving under suspension/DUI related [75 Pa.C.S.A. § 1543(b) (1.1)(i)].  The date of offense was April 7, 2018.

> The Honorable Steven R. Serfass sentenced [Mattucci] on December 12, 2019, to a period of imprisonment in the Carbon County Correctional Facility to a term of not less than ninety days nor more than sixty months on the driving under the influence offense and a concurrent term of not less than forty-five days nor more than ninety days for driving under suspension/DUI related. On the driving under the influence offense [Mattucci] was given ninety-two days credit and [he] received ninety days credit on his sentence for driving under suspension/DUI related.

At the time [Mattucci] was sentenced, he was in prison in the county jail, having failed to post bail. He was not being detained for any other reason and was not serving another sentence.

On December 13, 2019, [a day after he was sentenced, Mattucci] was released from the Carbon County Correctional Facility. The authorization for this release is in question since the sentence Judge Serfass imposed did not grant [Mattucci] immediate parole upon serving his minimum sentence, did not subject [Mattucci] to a pre-parole investigation, and did not require [him] to report to the Carbon County Adult Probation and Parole Office (Probation Office) within 72 hours of his release. It did however impose a monthly supervision fee of fifty dollars.

After [Mattucci] was released from prison, he was supervised by the County's Probation Office. On January 22, 2020, two members of the Probation Office met with [Mattucci] at his home and discussed with him the special conditions of his parole, including the requirement that he attend treatment intervention group classes.

On January 21, 2021, the Probation Office filed a Petition to Revoke [Mattucci's] Parole (Petition). The Petition alleged that [Mattucci] violated the conditions of his supervision in two respects: (1) that he failed to report to the Probation Office within 72 hours of his release for an intake to be completed; and (2) that he was arrested and charged by the Pennsylvania State Police in Lehighton with driving under the influence of a controlled substance and false identification to law enforcement from an incident which occurred on January 6, 2021. The Petition was amended twice to include additional alleged parole violations: (1) by order dated February 5, 2021, for new criminal charges filed by the Pennsylvania State Police in Lehighton; and (2) by order dated March 25, 2021, for new criminal charges filed by the Pennsylvania State Police in Belfast. A hearing on the Petition was held before this court on December 9, 2022.

At the hearing on December 9, 2022, the evidence established [Mattucci] pled guilty to driving under the influence of a controlled substance and to driving under suspension/DUI related with respect to the incident of January 6, 2021, the offense referred to in the Petition as originally filed, but that [he] had not yet been sentenced on these charges and had pending before the court a petition to withdraw his pleas.

- 2 -

With respect to the new criminal charges referred to in the order of February 5, 2021, [Mattucci] pled guilty to false identification to law enforcement, a misdemeanor of the third degree, in Monroe County on March 12, 2021, and was given a time-served sentence of four days. With respect to the new criminal charges filed by the Pennsylvania State Police in Belfast referred to in the March 25, 2021 order, on September 16, 2021, [Mattucci] pled guilty and was sentenced in Northampton County to a period of imprisonment of not less than three months nor more than twelve months, was given seven days credit, and had yet to be paroled as of the date of the revocation hearing.

At the December 9, 2022 [revocation] hearing, [Mattucci] did not dispute the new criminal charges or their disposition as presented by the Commonwealth, but took the position that he had never been placed on parole and therefore could not be in violation. [Mattucci] further testified that notwithstanding the clear language of the final judgment of sentence sentencing him to no less than ninety days nor more than sixty months in prison for driving under the influence, the minimum and maximum stated in the sentencing order were only guidelines, that he in fact received a flat sentence of ninety-two days, and that he had completed his sentence in its entirety by the time he was released from prison on December 13, 2019.

VOP Court Opinion, 1/24/23, at 1-4 (citations and footnotes omitted). At the conclusion of the hearing, the VOP court found that Mattucci violated his parole based upon the new convictions but not for his failure to report. Consequently, the court revoked [Mattucci's] parole and recommitted him to the Carbon County Correctional Facility to serve until the maximum date of his original sentence, September 11, 2024.

Mattucci filed this timely appeal. Mattucci and the court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Mattucci raises a single issue:

> Were the parole revocation proceedings in the case *sub judice* fatally flawed in that [Mattucci] was never expressly advised he would be paroled nor of the conditions of supervision at the time of sentencing, no order granting parole ever appeared of record and as such [Mattucci] was never subject to any actual supervision?

Mattucci's Brief at 4.

On appeal, Mattucci claims that the trial court erred in concluding that he violated parole, revoking it, and recommitting him. Specifically, Mattucci argues that he ***never*** was informed that he was under parole supervision after he completed the minimum period of incarceration. Mattucci's Brief at 8-9. Additionally, Mattucci argues that the trial court never informed him of the terms and conditions of supervision at the time of sentencing. Mattucci cites this Court's decision in ***Commonwealth v. Koger***, 255 A.3d 1285 (Pa. Super. 2021), in support of his position.[1] Consequently, Mattucci maintains that no revocation of parole proceedings properly could have been initiated against him. ***Id.*** at 15-16. We disagree.

In reviewing this matter, we observe that the purpose of a parole-revocation hearing is to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. ***Commonwealth v. Mitchell***, 632 A.2d 934, 937 (Pa. Super. 1993). The Commonwealth must prove the violation by a

---

[1] As discussed ***infra***, this Court's decision in ***Koger*** was recently reversed by our Supreme Court. ***Commonwealth v. Koger***, 295 A.3d. 699 (Pa. 2023).

preponderance of the evidence and, once it does, the decision to revoke parole is a matter for the court's discretion. *Id.* at 937. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole. *Commonwealth v. Galletta*, 864 A.2d 532, 539 (Pa. Super. 2004).

After revocation and recommitment, the sole issue on appeal is whether the trial court erred, as a matter of law, in revoking appellant's parole and committing him to a term of total confinement. *See Mitchell*, 632 A.2d at 936.

Here, Mattucci does not dispute that he was arrested and convicted of new offenses or that these convictions constituted violations of parole. Instead, Mattucci claims that he was never informed that he was on parole after he was released from the Carbon County Jail, and therefore he could not be found in violation of parole or be recommitted.

A review of the original sentencing transcript shows that, on December 12, 2019, after Mattucci pled guilty to DUI, the trial court sentenced him to "not less than 90 days nor more than 60 months" incarceration. N.T., 12/12/19, at 3. The court further stated that Mattucci was to receive credit for the 92 days that he had served. *Id.* The court also imposed a $50 monthly probation supervision fee. *Id.*

We observe that, as required by law, the trial court set a minimum and maximum term of incarceration. The Code mandates that the sentencing court impose not only a maximum sentence, but also a minimum sentence which shall not exceed one-half the maximum. 42 Pa.C.S.A. § 9756(b). The terms

of Mattucci's sentence were clearly stated on the record. Thus, Mattucci's claims that the "90 days to 60 months" was merely a guideline or that his sentence constituted a flat sentence of 92 days, which he had served, are completely belied by the record. As the VOP court observed, what Mattucci believed, thought, or assumed about his sentence is of no consequence. Moreover, the VOP court found Mattucci's claimed "lack of understanding" about the terms of his sentence was incredible given his criminal history. *See* VOP Court Opinion, 1/24/23, at 4, 8.

Regarding whether Mattucci was paroled, we further observe that Mattucci could not have been placed on parole without having served his minimum sentence. With an indeterminate sentence, as this was, "the maximum term represents the sentence imposed for a criminal offense, with the minimum term [] setting the date after which a prisoner may be paroled." *Commonwealth v. Blount*, 207 A.3d 925, 939, (Pa. Super. 2019), *appeal denied*, 218 A.3d 1198 (Pa. 2019) (citation omitted). Thus, once Mattucci served his minimum sentence, he was eligible to be paroled for the remaining balance of his maximum sentence.

Pursuant to 42 Pa.C.S.A. § 9776(b), defendants generally may not be paroled from a county sentence without filing a petition to request parole. ("No inmate may be paroled under this section except on petition verified by the oath of the inmate or by the inmate's representative and presented and filed in the court in which the inmate was convicted."). However, certain counties, have passed administrative orders that permit prisoners to be

- 6 -

automatically released on parole after they serve the minimum sentence. ***Commonwealth v. Stafford***, 29 A.3d 800, 802 n. 2 (Pa. Super. 2011).

> Here, as the VOP court explained:
>
> Carbon County is one of several counties in this Commonwealth which has an administrative order granting automatic parole for defendants convicted of driving under the influence who receive a sentence in which the minimum term of imprisonment is not more than ninety days. See Administrative Order dated August 26, 1991, docked to No, 073 MI 91. This order authorizes and directs the prison warden to release any defendant subject to its terms immediately upon serving the minimum sentence without further action or order of court.

VOP Court Opinion, 1/24/23, at 10. Although Mattucci's sentencing order on its face did not make him immediately eligible for parole upon serving his minimum sentence, Carbon County's Administrative Order allowed Mattucci to be released from jail after serving the minimum sentence. And although Mattucci may not have been advised at the time of sentencing that he would be immediately released on parole, he was released from jail after serving only ninety-three days, his minimum sentence plus three days. As such, Mattucci was in fact paroled and still had to serve the remainder of his sentence, either on parole or by being recommitted.

This brings us to the issue of whether Mattucci had notice that he was on parole. As the trial court observed, Mattucci's release from prison should have put him on notice that he was paroled, particularly given his familiarity with judicial proceedings related to DUI offenses. ***See*** VOP Court Opinion, 1/24/23, at 9. Even if he was not immediately aware that he was being

released on parole, a month after he was released, probation officers visited him at his residence. Mattucci himself testified that they told him he was on parole until 2024 (*i.e.*, the date when his maximum sentence expired) and reviewed some paperwork with him. The probation officer's notes indicated that the officer discussed the special conditions with Mattucci and the requirements that he attend the treatment intervention group classes as soon as possible and then the highway safety classes. N.T., 12/9/22, at 16-17, 21-22. Thus, Mattucci was in fact notified that he was on parole despite the lack of documentation to that effect. Furthermore, at the time of sentencing, the trial court informed Mattucci that he had to pay a supervision fee, which Mattucci never questioned. This also put Mattucci on notice that he would be subject to supervision upon his release.

Notably, the VOP court did not find that Mattucci violated his parole based on his failure to report to probation within 72 hours of being released from prison because this was not a condition of his parole. We observe further that this possible reporting condition took place well before Mattucci was formally notified that he was on parole. Rather, the VOP court only found that Mattucci violated his parole based on crimes he committed and was convicted of, which occurred after he was released from prison and was informed by the probation officers that he was on parole. N.T., 12/9/22, at 40-41; VOP Court Opinion, 1/24/23, at 5.

Based upon the foregoing, we conclude that Mattucci's argument that he was never on parole is without merit.

Mattucci next argues that the VOP court could not find that he violated parole because the trial court did not inform him of the conditions of his parole at the time of sentencing as required by this Court's decision in **Koger**. Likewise, this argument is without merit.

Notably, our Supreme Court recently reversed this Court's **Koger** decision. **See Commonwealth v. Koger**, 295 A.3d 699 (Pa. 2023). After conducting a statutory analysis as it pertains to revocation of parole as opposed to revocation of probation, the High Court concluded that there is no legislative mandate requiring the trial court, itself, to set forth the conditions of parole or when a defendant must be advised of these conditions. **Id.** at 708. The Court found that this is particularly so for **county** parole. In county parole cases, the trial court is required to "place the inmate in the charge of and under the supervision of a designated probation officer." **Id.** (quoting 42 Pa.C.S.A. § 9776(d)). Thus, the Supreme Court held that a trial court imposing county parole is "authorized to delegate to county probation officers the responsibility of communicating to defendants the conditions of their parole, and to do so post-sentencing." **Id.** at 709.

Based upon the Supreme Court's decision, the trial court here was not required to set forth the conditions of Mattucci's parole nor did it have to be done at the time of sentencing. As discussed above, the probation officer who visited Mattucci a month after he was released from jail reviewed the conditions of parole with him. This was proper under the Supreme Court's decision in **Koger**.

In sum, we conclude that the VOP did not err when it revoked Mattucci's parole and recommitted him for the balance of his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2023