J-S81009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHAD EUGENE SMITH | : | |
| | : | |
| Appellant | : | No. 1284 MDA 2018 |

Appeal from the Judgment of Sentence imposed July 3, 2018
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-0003341-2016

BEFORE:  STABILE, J., DUBOW, J., and STEVENS,* P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 22, 2019**

Appellant, Chad Eugene Smith, appeals from the judgment of sentence imposed on July 3, 2018 in the Court of Common Pleas of Dauphin County following revocation of his parole.[1]  Appellant claims the trial court abused its discretion in recommitting Appellant to serve back time that Appellant

---

* Former Justice specially assigned to the Superior Court.

[1] The trial court's sentencing order applied to two separate dockets. Appellant's notice of appeal included only one docket number, No. 3341 CR 2016.  Appellant suggests he "mistakenly forgot to include" the second docket in his notice of appeal, which was filed on July 31, 2018.  **Anders** Brief at 8 n. 1.  Because Appellant filed the appeal from Docket No. 3341 of 2016 only, we limit our discussion to the proceedings on that docket.  We note in passing that a separate notice of appeal would have been required for the second docket.  **See Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (failure to file separate notices of appeal requires quashal of appeals filed after the date of the **Walker** decision, *i.e.*, June 1, 2018).

considers excessive and unreasonable. Appellant's counsel has filed a petition to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and a brief in support. Upon review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

On September 20, 2016, Appellant entered a guilty plea to one count of driving under the influence. 75 Pa.C.S.A. § 3802(d)(3). The trial court imposed a sentence of three days to six months in the Dauphin County Prison. By order entered September 22, 2016, the court directed that Appellant be paroled on September 23, 2016, after completion of the mandatory sentence of 48 hours' incarceration.

Following a July 3, 2018 revocation hearing, which was Appellant's second revocation proceeding, the court revoked Appellant's parole and sentenced him to serve his back time of five months and twenty-seven days. Appellant filed two post-sentence motions seeking modification of his sentence. The court subsequently entered amended orders on July 12 and July 24, 2018. However, those amended orders did not change Appellant's back time sentence on Docket 3341 CR 2016, although the July 24, 2018 order did make the sentence concurrent with sentences imposed on other dockets.

Appellant filed a timely notice of appeal on July 31, 2018. The trial court ordered a Rule 1925(b) statement of errors complained of on appeal. Counsel filed a notice of intent to file an *Anders* brief in lieu of a Rule

J-S81009-18

1925(b) statement. The trial court then notified this Court that, absent a request from this Court, no Rule 1925(a) opinion would be issued in light of the anticipated *Anders* brief.

Appellant presents one issue for this Court's consideration:

Did the trial court abuse its discretion in re-sentencing Appellant to his back time of fourteen (14) months at Docket 4276 CR 2016 and five (5) months, twenty-seven (27) days at Docket 3341 CR 2016 there the sentence was excessive and unreasonable?

*Anders* Brief at 5.

Before addressing the merits of Appellant's issue, we must first address counsel's request to withdraw. ***Commonwealth v. Washington***, 63 A.3d 797, 800 (Pa. Super. 2013); ***see also Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa. Super. 2005) ("faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw") (citation omitted). To withdraw, counsel must:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [*Anders*] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citing ***Commonwealth v. Lilley***, 978 A.2d 995, 997 (Pa. Super. 2009)). In addition, counsel must attach to the petition to withdraw a copy

- 3 -

of the letter sent to the client advising him of his rights. ***Commonwealth v. Millisock***, 873 A.2d 748, 751-52 (Pa. Super. 2005). Our review confirms that counsel has complied with the procedural requirements of ***Anders***, as outlined in ***Cartrette*** and ***Millisock***.

We also review counsel's ***Anders*** brief for compliance with the requirements set forth in ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). In ***Santiago***, our Supreme Court explained:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** at 361. Based on our review, we conclude that counsel's ***Anders*** brief substantially complies with ***Santiago***. With regard to the first requirement, we note that counsel has provided a summary of the procedural history and facts. Although the summary does not include pinpoint citations to the record, we do not consider that an impediment to our review or to a finding of compliance in light of the fact "Appellant is not contesting the basis of the parole violations, but instead contends that the sentence imposed was excessive and constituted an abuse of discretion." ***Anders*** Brief at 12. Further, we find that the brief complies with the remaining three requirements of ***Anders***, as refined by ***Santiago***. Therefore, we proceed to

examine the issue raised in the **Anders** brief and to conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*). In **Yorgey**, we acknowledged that while "the **Anders** Court did not delineate the exact meaning of 'full examination of all the proceedings,' the Pennsylvania Supreme Court recognized in **Santiago, supra**, that only 'complete frivolity . . . supports counsel's request to withdraw and a court's order granting the request.'" **Id.** at 1197 (quoting **Santiago**, 978 A.2d at 358). Moreover, "**Anders** not only requires counsel to conduct an exhaustive examination of the record, but also 'places the responsibility on the reviewing court to make an independent determination of the merits of the appeal.'" **Id.** (quoting **Santiago**, 978 A.2d at 358).

Counsel's **Anders** brief raises the issue of whether the trial court abused its discretion by resentencing Appellant to his back time of five months and twenty-seven days. **Anders** Brief at 5. Although counsel questions whether the court abused its discretion, and has complied with the requirements of Pa.R.A.P. 2119(f), this Court has recognized:

> [T]here is no authority for a parole-revocation court to impose a new penalty. [**Commonwealth v. Mitchell**, 632 A.2d 934, 936 (Pa. Super. 2003).] Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. [**Commonwealth v. Mitchell**, 632 A.2d 934, 936 (Pa. Super. 2003).] At some point thereafter, the defendant may again be paroled. **Id.**
>
> . . . .

Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. *Mitchell*, 632 A.2d at 936. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence. *Id.*

As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. [*Commonwealth v. Galletta*, 864 A.2d 532, 539 (Pa. Super. 2004).] Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. *Id.*

*Commonwealth v. Kalichak*, 943 A.2d 285, 290-91 (Pa. Super. 2008) (footnoted omitted).

As noted above, "Appellant is not contesting the basis of the parole violations, but instead contends that the sentence imposed was excessive and constituted an abuse of discretion." *Anders* Brief at 12. Although Appellant attempts to challenge the discretionary aspects of his sentence, this is not a proper attack on a parole revocation. As this Court stated in *Kalichak*, "[T]he only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed original sentence." *Kalichak*, 943 A.2d at 290 (citing *Mitchell*, 632 A.2d at 936).

We have conducted our independent examination of the proceedings, as required by *Santiago*. Based on that examination, we agree that this appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2019