J-S42039-19 & J-S42040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIONNE  PAYNE | : | |
| | : | |
| Appellant | : | No. 370 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 18, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002014-2013


| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIONE  PAYNE | : | |
| | : | |
| Appellant | : | No. 371 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 18, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0000566-2008


BEFORE:   OTT, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED AUGUST 29, 2019**

Appellant, Brione Payne, appeals from judgments of sentence imposed

by the Court of Common Pleas of Delaware County (trial court) on December

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 1 -

18, 2018 for his violation of parole and probation in two criminal cases, CP-23-CR-0000566-2008 (No. 566-2008) and CP-23-CR-0002014-2013 (No. 2014-2013).[1] Appellant's appellate counsel has filed applications to withdraw and **Anders**[2] briefs, stating that the appeals are wholly frivolous. After careful review, we grant counsel's applications to withdraw and affirm.

In No. 566-2008, Appellant pled guilty on May 15, 2018 to charges of simple assault and reckless endangerment[3] and was sentenced to 10 days to 23 months' imprisonment for the simple assault conviction and a consecutive two years' probation for reckless endangerment. No. 566-2008 Guilty Pleas; No. 566-2008 Certificate of Imposition of Judgment of Sentence, 5/15/08. Appellant was immediately paroled, but on July 28, 2009, that parole was revoked and he was sentenced to serve the full 682 days of backtime on the simple assault conviction, extending his maximum date for that conviction to June 19, 2011 and the date that his probation would end on the reckless endangerment conviction to June 19, 2013. No. 566-2008 Certificate of Imposition of Judgment of Sentence, 7/28/09; No. 566-2008 Request for

_____

[1] Appellant's name appears as "Brionne Payne" in 370 EDA 2019 and the record in No. 2014-2013 and as "Brione Payne" in 371 EDA 2019 and the record in No. 566-2008. The transcript of the consolidated sentencing at issue here states his name as "Brione Payne."

[2] **Anders v. California**, 386 U.S. 738 (1967).

[3] 18 Pa.C.S. §§ 2701 and 2705, respectively.

Bench Warrant, 1/9/13. After Appellant had completed serving his sentence for the simple assault conviction, his probation on the reckless endangerment conviction was revoked on August 27, 2013 based on his guilty plea to manufacture, delivery or possession with intent to deliver a controlled substance (PWID)[4] for which he had been arrested in February 2013,[5] and he was resentenced on the reckless endangerment conviction to $11^1/_2$ months to 23 months imprisonment. No. 566-2008 Certificate of Imposition of Judgment of Sentence, 8/27/13; CP-23-CR-0001686-2013 Docket Entries at 1-3.

In No. 2014-2013, Appellant pled guilty on May 9, 2013, to a single count of PWID based on a sale of a .10 gram oxycodone pill to an undercover officer in January 2013. No. 2014-2013 Guilty Plea; No. 2014-2013 Certificate of Imposition of Judgment of Sentence, 5/9/13; No. 2014-2013 N.T. Preliminary Hearing at 4-6. Appellant was sentenced to three years' probation for this conviction. No. 2014-2013 Certificate of Imposition of Judgment of Sentence, 5/9/13.

On July 22, 2015, while on parole on the reckless endangerment sentence in No. 566-2008 and serving his probation in No. 2014-2013, Appellant was arrested in Philadelphia and charged with robbery, burglary,

_____

[4] 35 P.S. § 780-113(a)(30).

[5] This PWID conviction is not at issue in these appeals.

firearms offenses, conspiracy, and other offenses. No. 2014-2013 Request for Bench Warrant, 3/19/16; N.T. **Gagnon II**[6] Hearing, 12/18/18, at 4-5; CP-51-CR-0009669-2015 Docket Entries at 1, 3. On June 25, 2018, Appellant pled guilty in that Philadelphia County case to robbery, burglary, conspiracy, and possession of a firearm by a prohibited person and was sentenced for those offenses to an aggregate term of $3^1/_2$ to 10 years' imprisonment, followed by two years' probation. N.T. **Gagnon II** Hearing, 12/18/18, at 5; CP-51-CR-0009669-2015 Docket Entries at 5-7.

On December 18, 2018, the trial court held a **Gagnon II** Hearing in both No. 566-2008 and No. 2014-2013. Appellant admitted that he pled guilty to robbery, burglary, conspiracy, and possession of a firearm by a prohibited person and that those crimes were violations of his parole in No. 566-2008 and his probation in No. 2014-2013. N.T. **Gagnon II** Hearing, 12/18/18, at 3, 5. The Commonwealth requested that the trial court impose 165 days backtime in No. 566-2008, the remaining unserved portion of Appellant's reckless endangerment sentence, and that in No. 2014-2013 the court revoke Appellant's probation and resentence him to one to two years' imprisonment followed by one year of probation. **Id.** at 3-4. The Commonwealth requested that that these sentences run concurrently with each other, but consecutive to the new sentence in the Philadelphia case. **Id.** at 4. Appellant did not

---

[6] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

contend that the proposed sentences themselves were inappropriate or excessive, but argued that the sentences in No. 566-2008 and No. 2014-2013 should run concurrently with the new $3^1/_2$ to 10 year sentence. *Id.* at 5. Appellant also spoke at the hearing concerning vocational training that he had obtained and violence prevention and other rehabilitative programs in which he had participated while in prison on the new charges. *Id.* at 5-7.

Following Appellant's statement, the trial court found Appellant in violation of his parole in No. 566-2008 and, in No. 2014-2013, found Appellant in violation of his probation and revoked his probation. N.T. *Gagnon II* Hearing, 12/18/18, at 9. The court imposed a sentence of 165 days backtime in No. 566-2008 and a sentence of 9-24 months followed by one year of probation in No. 2014-2013 and ordered that these sentences run concurrently to each other and consecutive to Appellant's new $3^1/_2$ to 10 year sentence. *Id.* at 9-10; No. 566-2008 Certificate of Imposition of Judgment of Sentence, 12/18/18; No. 2014-2013 Certificate of Imposition of Judgment of Sentence, 12/18/18.

On December 27, 2018, Appellant filed a timely motion for reconsideration of sentence in No. 2014-2013, arguing that the trial court should reconsider its imposition of a 9-24 month sentence consecutive to Appellant's new sentence in light of Appellant's rehabilitative efforts while in prison. The trial court denied this post-sentence motion on January 2, 2019.

On January 17, 2019, Appellant filed timely direct appeals from both judgments of sentence.[7]   On June 5, 2019, appellate counsel filed **Anders** briefs and applications to withdraw as counsel in both appeals.  In each of his **Anders** briefs, appellate counsel presents the following issue:

> Whether the term of incarceration imposed herein was harsh and excessive under the circumstances due to its imposition as a consecutive sentence.

370 EDA 2019 **Anders** Br. at 3; 371 EDA 2019 **Anders** Br. at 3.  Appellant has not filed any *pro se* response to counsel's applications to withdraw or **Anders** briefs.  The Commonwealth filed briefs in support of affirmance of the judgments of sentence in both appeals.

Before this Court can consider the merits of these appeals, we must first determine whether appellate counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted. **Commonwealth v. Dempster**, 187 A.3d 266, 270 (Pa. Super. 2018) (*en banc*); **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

To withdraw from representing a convicted defendant on direct appeal on the basis that the appeal is frivolous, counsel must (1) petition the court

---

[7] In accordance with Pa.R.A.P. 1925(c)(4), appellate counsel filed statements of intent to file an **Anders** brief in lieu of statements of errors complained of on appeal.  The trial court filed Rule 1925 opinions in both cases stating that in accordance with **Anders** procedure, it would defer issuing an opinion in support its judgment of sentence until this Court rules on whether there are arguably meritorious issues for review.

for leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) file a sufficient **Anders** brief; and (3) provide a copy of the **Anders** brief to the defendant and advise the defendant of his right to retain new counsel or proceed *pro se* and to raise any additional points that he deems worthy of the court's attention. **Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 183 (Pa. Super. 2016); **Goodwin**, 928 A.2d at 290. An **Anders** brief must comply with the all of the following requirements:

> [T]he **Anders** brief … must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009); *see also* **Dempster**, 187 A.3d at 270; **Commonwealth v. Zeigler**, 112 A.3d 656, 660 (Pa. Super. 2015). If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous. **Dempster**, 187 A.3d at 271; **Zeigler**, 112 A.3d at 660.

In these appeals, appellate counsel states in each of his applications to withdraw that he has reviewed the entire record and determined that there are no non-frivolous grounds for the appeal. Appellate counsel's June 3, 2019 letters to Appellant provided copies of the **Anders** briefs to Appellant and

advised him of his right either to retain new counsel or to proceed *pro se* on appeal to raise any points he deems worthy of the court's attention. Further, each of appellate counsel's **Anders** briefs provides procedural and factual summaries of the case with references to the record and cites and discusses the applicable law on which counsel bases his conclusion that there are no non-frivolous issues that he can raise on Appellant's behalf. Appellate counsel has thus filed sufficient **Anders** briefs and has fully complied with the procedural requirements for withdrawal as counsel in both appeals.

We therefore proceed to conduct an independent review to ascertain whether the appeals are indeed wholly frivolous. This Court first considers the issues raised by counsel in the **Anders** brief and determines whether they are in fact frivolous. **Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*); **Dempster**, 187 A.3d at 272. In addition, if the Court finds all of those issues frivolous, this Court conducts an examination of the record to discern if there are any other issues of arguable merit overlooked by counsel. **Yorgey**, 188 A.3d at 1197; **Dempster**, 187 A.3d at 271-72.

The lone issue raised in counsel's **Anders** briefs is whether the sentences imposed in the two cases are excessive, in light of Appellant's rehabilitative efforts, due to their imposition as consecutive with respect to Appellant's new conviction. These are challenges to the discretionary aspects of Appellant's sentences and are therefore not appealable as of right. **Dempster**, 187 A.3d at 272; **Bynum-Hamilton**, 135 A.3d at 184. Rather,

an appeal from the discretionary aspects of a sentence is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the Sentencing Code. *Dempster*, 187 A.3d at 272; *Bynum-Hamilton*, 135 A.3d at 184; *Zeigler*, 112 A.3d at 661.[8]

A claim that a sentence within statutory limits is excessive is generally not sufficient to raise a substantial question, absent a claim that the sentence violates a specific provision of the Sentencing Code or that the sentencing court did not consider sentencing guidelines or factors concerning the crimes and the defendant that the court is to consider under the Sentencing Code. *Dempster*, 187 A.3d at 272-23 n.6; *Zeigler*, 112 A.3d at 662; *Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012); *Commonwealth v. Titus*, 816 A.2d 251, 255–56 (Pa. Super. 2003). The

_____

[8] An appellant challenging the discretionary aspects of sentence must also comply with Pa.R.A.P. 2119(f) in his appellate brief and have preserved the issue in the trial court at sentencing or by filing a timely post sentence motion. *See, e.g., Dempster*, 187 A.3d at 272. Appellant has satisfied these requirements in both appeals. Appellant's *Anders* briefs in both appeals include the concise statement of reasons for allowance of appeal of discretionary aspects of sentence that Pa.R.A.P. 2119(f) requires. 370 EDA 2019 *Anders* Br. at 8-9; 371 EDA 2019 *Anders* Br. at 8-9. Appellant's post sentence motion in No. 2014-2013 satisfies the requirement of preservation of the issue in the trial court. Appellant did not file a post sentence motion in No. 566-2008, but did preserve the issue in the trial court by objecting at the *Gagnon II* hearing to imposition of a consecutive sentence and making the same argument as he asserts here concerning his rehabilitative efforts. N.T. *Gagnon II* Hearing, 12/18/18, at 5-7. We therefore do not find the issue raised by appellate counsel to be barred by waiver in either appeal.

fact that sentences for separate criminal episodes are imposed consecutively does not raise a substantial question where the resulting total aggregate sentence is not extraordinarily lengthy for the criminal conduct at issue. ***Commonwealth v. Radecki***, 180 A.3d 441, 468-70 (Pa. Super. 2018); ***Commonwealth v. Zirkle***, 107 A.3d 127, 133-34 (Pa. Super. 2014).

These appeals do not raise a substantial question that either of the sentences was inappropriate under the Sentencing Code. The record is clear that the sentencing court considered the mitigating factors asserted by Appellant. Following Appellant's statement concerning his rehabilitative efforts, the trial court decided to impose a shorter minimum sentence than the Commonwealth recommended in No. 2014-2013 and ordered that the backtime on the parole revocation in No. 566-2008 would run concurrently with that sentence. N.T. ***Gagnon II*** Hearing, 12/18/18, at 8-10.

The sentences were in accordance with the Sentencing Code and were not extreme. Imposing a sentence of imprisonment for the probation revocation in No. 2014-2013 was proper under the Sentencing Code, as Appellant had been convicted of new, serious crimes of violence. 18 Pa.C.S. § 9771(c)(1). The sentence imposed, 9-24 months plus one year of probation, was not unduly harsh or lengthy. To the contrary, it was far below the statutory maximum for this PWID offense, which is 15 years. 35 P.S. § 780-113(f)(1); ***Commonwealth v. Strasser***, 134 A.3d 1062, 1063 n.2 (Pa. Super. 2016).

- 10 -

The judgment in No. 566-2008 was a parole revocation and recommitment requiring that Appellant serve the remainder of his sentence from which he was on parole. Where parole is revoked, the court is limited to recommitting the defendant to serve his existing sentence and does not have the authority to impose a new penalty. *Commonwealth v. Kalichak*, 943 A.2d 285, 290 (Pa. Super. 2008); *Commonwealth v. Galletta*, 864 A.2d 532, 538 (Pa. Super. 2004). Recommitment to serve the remainder of a sentence is therefore not subject to review for excessiveness; the only question in such a case is whether the court erred in revoking parole and recommitting him to confinement. *Kalichak*, 943 A.2d at 291; *Galletta*, 864 A.2d at 539. No such error can be shown here. Conviction of a new crime is a legally sufficient reason for revocation of a defendant's parole and recommitting him to serve the remainder of his sentence. *Kalichak*, 943 A.2d at 291; *Galletta*, 864 A.2d at 539. Indeed, Appellant stipulated to the revocation of parole here and has not contended that the backtime imposed by the trial court exceeded the remaining portion of his sentence in No. 566-2008. N.T. *Gagnon II* Hearing, 12/18/18, at 3, 5; 371 EDA 2019 *Anders* Br. at 9.

Moreover, the sentences were not imposed consecutively with respect to each other and the total aggregate sentence of 9-24 months in these cases in combination with the $3^1/_2$ to 10 year sentence for the new convictions with which these sentences are consecutive does not result in an excessive

- 11 -

sentence. The new convictions are for completely different conduct committed by Appellant and the resulting aggregate sentence of 4 years and 3 months to 12 years is not only less than the statutory maximum for Appellants' PWID conviction here, it is far below the statutory maximum of 20 years for each of the robbery, burglary, and conspiracy convictions in the new case.[9] ***Compare Radecki***, 180 A.3d at 468-71 (challenge to consecutive sentences for convictions under 35 P.S. § 780–113(a) that resulted in aggregate sentence of 11 years and 1 month to 22 years and 2 months did not raise a substantial question where the convictions arose out of separate criminal acts) ***and Zirkle***, 107 A.3d at 133-34 (consecutive sentences for three burglaries that resulted in an aggregate sentence of 17 years and 1 month to 40 years did not raise a substantial question) ***with Commonwealth v. Sarvey***, 199 A.3d 436, 444, 455-56 (Pa. Super. 2018) (vacating as excessive consecutive sentences that resulted in an aggregate sentence of $10^1/_2$ to 24 years of incarceration followed by five years of probation for a single non-violent criminal episode) ***and Commonwealth v. Williams***, 69 A.3d 735, 742-44 (Pa. Super. 2013) (vacating as excessive consecutive sentences for violations of multiple probations that resulted in an aggregate sentence of 24 years and

---

[9] ***See*** CP-51-CR-0009669-2015 Docket Entries at 5 (robbery, burglary, and conspiracy charges to which Appellant pled guilty were first-degree felonies); 18 Pa.C.S. § 1103(1) (maximum sentence for first-degree felony is 20 years' imprisonment).

2 months to 48 years and 4 months imposed and were also imposed consecutively to a 7 to 20 year sentence).

Based on the foregoing, we agree with appellate counsel that the issue raised by Appellant lacks any arguable merit. In addition, we have reviewed the certified record and have discovered no additional non-frivolous issues. Therefore, we grant appellate counsel's petition to withdraw and affirm the sentencing court's judgment of sentence.

Judgments of sentence affirmed. Petitions to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/19