J-S46004-19
J-S46005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BLAIR L. JONES | : | |
| | : | |
| Appellant | : | No. 128 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 6, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000120-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BLAIR L. JONES | : | |
| | : | |
| Appellant | : | No. 129 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 6, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002804-2017

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED NOVEMBER 15, 2019**

Blair L. Jones appeals from the judgments of sentence imposed on December 6, 2018 following the revocation of his parole in case No. CP-23-CR-000120-2017, and revocation of his probation in case No. CP-23-CR-

---

[*] Retired Senior Judge assigned to the Superior Court.

0002804-2017.[1] Appellant's counsel filed petitions to withdraw from representation and briefs pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), arguing that the appeals are wholly frivolous. Appellant has filed a *pro se* response to counsel's petitions to withdraw, challenging the calculation of credit for time served. We grant counsel's petitions to withdraw and affirm the judgments of sentence.

After pleading guilty to simple and aggravated assault at case No. 120-2017, the trial court sentenced Appellant to not less than time served nor more than twenty-three months of incarceration. Following his later guilty plea to simple assault at case No. 2804-2017, the trial court sentenced Appellant to two years of probation consecutive to the sentence at case No. 120-2017. The court also found Appellant in violation of his parole at case 120-2017 and reimposed 495 days of back time.

While on parole in No. 120-2017 and serving his probation in No. 2804-2017, Appellant cut off his GPS ankle monitor and left the area, violating his parole and probation. The trial court held a **Gagnon II**[2] hearing in both cases,

---

[1] We have *sua sponte* consolidated Appellant's appeals at 128 EDA 2019 and 129 EDA 2019.

[2] Referencing **Gagnon v. Scarpelli**, 411 U.S. 778 (1973). "When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a **Gagnon I** hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing,

and found Appellant in violation. The court recommitted Appellant to serve 117 days of incarceration (his full back time) in No. 120-2017, and imposed a consecutive sentence of not less than one nor more than two years of incarceration at No. 2804-2017. Appellant filed no post-sentence motions, but filed timely notices of appeal.

In response to the trial court's orders to file a concise statement of errors complained of on appeal, Appellate counsel filed statements of intent to file an **Anders** brief. Counsel filed **Anders** briefs and applications to withdraw as counsel in both appeals. Appellant filed *pro se* responses to the **Anders** briefs.

> When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. Before counsel is permitted to withdraw, he or she must meet the following requirements.
>
> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worth of the Superior Court's attention.

**Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 183 (Pa. Super. 2016) (citations, formatting, and footnote omitted).

The **Anders** brief must

---

a **Gagnon II** hearing, is required before a final revocation decision can be made." **Commonwealth v. Ferguson**, 761 A.2d 613, 617 (Pa. Super. 2000).

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In the instant cases, counsel has submitted to this Court *Anders* briefs in which he summarized the history of the case, referred to issues in the record that he believed arguably supported the appeal, and set forth his conclusion that the appeal is wholly frivolous, along with citation to supporting authority. Counsel has also provided copies of letters that he sent to Appellant informing him of his right to retain new counsel or to proceed *pro se*, to raise any points he deems worthy of this Court's consideration. Accordingly, we conclude that counsel has complied with the requirements of *Anders* and *Santiago*. Therefore, we turn to the issue raised in the *Anders* briefs and make an independent determination as to whether the appeal is, in fact, "wholly frivolous." *Bynum-Hamilton*, 135 A.3d at 184 (citation omitted).

> The *Anders* briefs raise the following question, applicable to both cases:

> Whether the lengthy term of incarceration imposed herein is harsh and excessive under the circumstances due to [Appellant's] inability to pay the fines and find an affordable place to live due to personal problems, threats of violence from individuals in his home city and onerous financial conditions under circumstances making it impossible for him to obtain employment.

*Anders* Briefs, at 3 (unnecessary capitalization omitted).

- 4 -

The claim raised in the **Anders** brief challenges the discretionary aspects of Appellant's sentences. Initially, we note that because one of Appellant's sentences involves parole revocation, and the other revocation of probation, different legal principles apply, thus we consider each sentence individually.

In case No. 120-2017, where Appellant was recommitted to serve the remaining 117 days of back time, the **Anders** brief claims sentence was harsh and excessive. This is not a proper argument following a parole revocation. **See Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008).

> Clearly, the order revoking parole does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence previously imposed. Moreover, such a recommittal is just that—a recommittal and not a sentence. Further, at a Violation of Parole hearing, the court is not free to give a new sentence. The power of the court after a finding of violation of parole in cases not under the control of the State Board of Parole is to recommit to jail. There is no authority for giving a new sentence with a minimum and maximum. Therefore, an appellant contesting a revocation of parole need not comply with the provisions of Pa.R.A.P. 2119(f) by first articulating a substantial question regarding the discretionary aspects of sentencing. The sole issue on appeal is whether the trial court erred, as a matter of law, in revoking appellant's parole and committing him to a term of total confinement.

**Commonwealth v. Galletta**, 864 A.2d 532, 538-39 (Pa. Super. 2004) (citations, ellipses, and quotation marks omitted). "A defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. Such a claim might implicate discretionary sentencing but it is

improper in a parole-revocation appeal." ***Kalichak***, 943 A.2d at 291 (citations omitted).

Here, the ***Anders*** brief challenges Appellant's recommittal as harsh and excessive. Because such a claim is improper in a parole-revocation appeal, we conclude that it has no arguable merit.

In case No. 2804-2017, where Appellant was sentenced to not less than one nor more than two years of incarceration following revocation of his probation, the ***Anders*** brief claims the sentence is harsh and excessive.

> Challenges to the discretionary aspects of sentence are not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

> "[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*) (case citations and some quotation marks omitted).

Here, the ***Anders*** brief includes a concise statement of reasons for allowance of appeal of the discretionary aspects of his sentence required by Pa.R.A.P. 2119(f). However, Appellant neither raised the issue of his sentence being harsh and excessive with the trial court, nor did he file a post-sentence

motion to that effect. Consequently, he did not properly preserve this issue for appeal. *See id.* Therefore, we conclude this issue has been waived, and any attempt to raise it would be wholly frivolous. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). We agree with counsel that Appellant's claim is wholly frivolous.

Because Appellant has exercised his right to file a *pro se* response, we consider it as well. Appellant raises one issue in his *pro se* response to the *Anders* brief.

> The issue that I requested Attorney Connors to address was a simple time credit from Sept 18th, 2018 to December 14th, 2018; which tabulates to (87) days, or (2) months, (3) weeks, and (5) days. This time due from my imprisonment on an unrelated simple assault charge in Berks County, PA Sept 18th, 2018 which was dismissed Sept 28th 2018 and as a consequence, involves the legality of my sentence and is cognizable under the PCRA statute.

*Pro Se* Response, at unnumbered page 2 (some unnecessary capitalization omitted).

Appellant's issue challenges the calculation of appropriate time credit by the Department of Corrections. "A challenge to the Bureau of Correction's computations or construction of the terms of sentences imposed is neither a direct nor even a collateral attack on the sentences imposed[.]" *Commonwealth v. Perry*, 563 A.2d 511, 513 (Pa. Super. 1989). The appropriate forum for a challenge of the calculation of time credit is an original action in the Commonwealth Court. *See Commonwealth v. Heredia*, 97

A.3d 392, 394-95 (Pa. Super. 2014). Accordingly, we conclude that Appellant's *pro se* issue lacks arguable merit.

Our independent review of the record confirms that the trial court did not err or abuse its discretion when it revoked Appellant's probation and parole and recommitted him to confinement. Furthermore, we determine that there are no other non-frivolous bases for appeal, and these appeals are wholly frivolous. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed. Petitions to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/19