J-S53041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDY L. DUNLAP | : | |
| | : | |
| Appellant | : | No. 876 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 12, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005654-2011

BEFORE:  OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                **FILED NOVEMBER 26, 2019**

Appellant Randy L. Dunlap appeals from the judgment of sentence imposed for a violation of parole (VOP).  Appellant's counsel has filed a petition to withdraw and an ***Anders***/***Santiago***[1] brief.  For the reasons that follow, we deny counsel's petition to withdraw and remand for further proceedings consistent with this memorandum.

On October 27, 2011, Appellant, who was represented by counsel,[2] entered a negotiated guilty plea to driving under the influence (DUI)—highest

_____

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

[2] Appellant was represented by different attorneys from the Delaware County Public Defender's Office during his initial plea and sentencing, his revocation proceedings, and this appeal.

rate of alcohol (second offense) and fleeing or attempting to elude an officer.[3] The trial court imposed the agreed-upon sentence of nine to twenty-three months' incarceration followed by two years' probation.

On November 15, 2016, the trial court found Appellant in violation of his probation and imposed an aggregate sentence of three to twelve months' incarceration.

On October 6, 2017, Appellant was arrested and charged with several offenses in the state of Delaware. On February 12, 2019, the trial court held a **Gagnon II**[4] hearing, at which Appellant was represented by Attorney Daniel Finnigan, Esq. (VOP counsel). At the hearing, Appellant stipulated to the parole violation. **See** N.T. VOP Hr'g, 2/12/19, at 3. VOP counsel and the Commonwealth acknowledged that Appellant had 292 days of unserved backtime. **Id.** at 4. VOP counsel explained that

> [Appellant has] basically got two new arrests in Delaware [state], which he thinks [are] going to be resolved without prosecution. He was getting his tools back from his girlfriend's house and she doesn't want to prosecute those cases, but he still has to go to Chester County for a VOP there and doesn't want to delay anything. So, he wants to get back to Delaware as quick as possible and all he's asking is that the [trial court], if you impose [the backtime] sentence, consider granting him immediate parole once he's released from custody in Delaware.

---

[3] 75 Pa.C.S. §§ 3802(c) and 3733(a).

[4] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

N.T. VOP Hr'g, 2/12/19, at 3. The trial court asked for further clarification, and VOP counsel reiterated that

> [i]f [Appellant is] released before 292 days, he's just asking the [trial court] to consider paroling him—stating on your order that he can be paroled from this case so it doesn't hold up his release from Delaware or hold up his incarceration.

*Id.* at 4. The Commonwealth agreed, and requested that the trial court

> impose the sentence here with the understanding that if [VOP counsel] or someone from his office finds that [Appellant] is released in Delaware, they can just bring an order granting him immediate parole at that point on our case.

*Id.* at 5.

However, instead of recommitting Appellant to serve his full backtime on the parole violation, the trial court imposed two concurrent sentences of 150 days' incarceration. *Id.* at 9. Specifically, the trial court explained:

> Here's what I'd like to do and [Commonwealth], just tell me if I can do this, first of all, I'd like to give him 150 days, not the 292 and he can get -- if he's released in Delaware before the 150 is up, he can get released, **but then he's done**. I don't want him back here.

*Id.* at 8 (emphasis added). The trial court reiterated that if Appellant was released from Delaware state custody before serving the full 150 days, then he could petition the trial court for immediate parole. *Id.* If Appellant was not released in Delaware, the trial court indicated that he would "serve the 150 and you'll never see me again." *Id.* That same day, the trial court issued an order imposing "full back time of 150 days" on each count. Sentencing Order, 2/12/19, at 1.

On March 12, 2019, Appellant filed a timely notice of appeal through his attorney of record, Patrick J. Connors, Esq. (appointed counsel) of the Delaware County Public Defender's Office. Appointed counsel subsequently filed a statement of intent to file an ***Anders***/***Santiago*** brief, pursuant to Pa.R.A.P. 1925(c)(4). In its Rule 1925(a) opinion, the trial court declined to address whether Appellant had any meritorious appellate issues. **See** Trial Ct. Op., 5/1/19, at 2. Nevertheless, the trial court noted that Appellant's sentence was "significantly less than the two hundred ninety-two days of back time that was recommended by the Office of Probation and Parole." **Id.**

On August 8, 2019, appointed counsel filed an ***Anders***/***Santiago*** brief and a separate petition to withdraw.[5] Appointed counsel's withdrawal petition indicates that he sent a copy of the ***Anders*** brief to Appellant, along with a letter advising Appellant of his right to proceed *pro se* or with new, privately retained counsel. Appellant has not filed a *pro se* brief or a counseled brief with a new attorney.

Appointed counsel's ***Anders***/***Santiago*** brief identifies the following issue:

> Whether the term of 150 days of incarceration imposed herein is harsh and excessive under the circumstances due to the potentially lengthy terms of incarceration which could be imposed

---

[5] Another attorney from the Delaware County Public Defender's Office, William Ruane, Esq., entered his appearance in this case on June 18, 2019. However, Attorney Patrick J. Connors (appointed counsel) is still listed as lead counsel for Appellant.

on [Appellant] for a violation of probation in Chester County and pending charges in the state of Delaware.

***Anders***/***Santiago*** Brief at 3 (full capitalization omitted).

"When faced with a purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." ***Commonwealth v. Wimbush***, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in ***Santiago***, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Only after determining that counsel has satisfied these technical requirements, may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, appointed counsel has complied with the procedures for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his appellate rights, and supplying Appellant with a copy of the *Anders*/*Santiago* brief. *See Goodwin*, 928 A.2d at 290. Moreover, appointed counsel's *Anders*/*Santiago* brief complies with the requirements of *Santiago*. Appointed counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claims, and sets forth the conclusion that the appeal is frivolous. Additionally, appointed counsel explains his reasoning and supports his rationale with citations to the record and pertinent legal authority. Accordingly, we conclude that appointed counsel has met the technical requirements of *Anders* and *Santiago*, and we will proceed to address the issue raised in the *Anders*/*Santiago* brief.

The sole issue identified by appointed counsel suggests that the trial court imposed "a sentence that is harsh and excessive under the circumstances of his case." *Anders*/*Santiago* Brief at 9. Specifically,

appointed counsel points to Appellant's belief that the trial court abused its discretion when it imposed a backtime sentence "despite the fact that [Appellant] was already facing outstanding warrants out of Chester County and the State of Delaware." *Id.* at 8. Further, appointed counsel references Appellant's claim that "[i]mmediate parole to those detainers was the more reasonable approach as he was going to remain incarcerated in any event by one of those other jurisdictions." *Id.* Appointed counsel submits that "[a]fter a full review of the record, there does not appear to be any abuse of discretion or other error committed by the [trial] court." *Id.* at 11.

Generally, when a defendant's parole is revoked and a defendant is recommitted to custody, the severity of the sentence is not subject to review. ***Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008); ***see also*** 42 Pa.C.S. § 9776(e). Following parole revocation, the trial court has the authority to recommit the defendant to custody. ***See Commonwealth v. Mitchell***, 632 A.2d 934, 936 (Pa. Super. 1993). However, the trial court cannot impose a new sentence, as the previously imposed sentence remains in effect. ***Id***; ***see also Commonwealth v. Holmes***, 933 A.2d 57, 59 n.5 (Pa. 2007) (stating that parole is a "conditional release from imprisonment which entitles parolee to serve remainder of his term outside the confines of an institution, if he satisfactorily complies with all terms and conditions provided in parole order" (citation omitted)). Therefore, "the only option for a court that decides to revoke parole is to recommit the defendant to serve

the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled." ***Kalichak***, 943 A.2d at 290 (citation omitted).

> In conducting a parole-revocation hearing, the trial court must

> determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. . . .

> Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence.

> As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. [***Commonwealth v. Galletta***, 864 A.2d 532, 539 (Pa. Super. 2004)]. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for sentence on the record. Challenges of those types again implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole.

***Id.*** at 290-91 (some citations omitted); ***see also Holmes***, 933 A.2d at 59 n.5 (stating that although a court can impose a new sentence for a violation of probation, "a court faced with a parole violation must recommit the parolee to serve the remainder of the original sentence of imprisonment" (citations omitted)).

Here, the issue identified by appointed counsel relates to the discretionary aspects of Appellant's sentence. *See Galletta*, 864 A.2d at 539. However, as this Court noted in *Kalichak*, discretionary sentencing claims are "improper in a parole-revocation appeal." *Kalichak*, 943 A.2d at 291 (citing *Galletta*, 864 A.2d at 539); *see also Holmes*, 933 A.2d at 59 n.5. Therefore, the claim identified by appointed counsel is frivolous.

In conducting our independent review of the record, we must discern whether "the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement." *Kalichak*, 943 A.2d at 291. Here, the record confirms that Appellant stipulated to the parole violation at the revocation hearing. Therefore, the trial court had a legally sufficient basis to revoke Appellant's parole. *Id.*

Following revocation, the trial court was required to recommit Appellant to serve the "already-imposed, original sentence." *Id.* However, here, the trial court imposed a sentence of 150 days' incarceration and indicated that, after that time, Appellant would no longer be under the trial court's supervision. *See* N.T. VOP Hr'g, 2/12/19, at 8. Although the trial court had discretion to release Appellant on parole before he served the balance of his backtime, the trial court did not have authority to impose a new sentence that replaced Appellant's original sentence with a shorter one. *See Mitchell*, 632 A.2d at 936; *see also Kalichak*, 943 A.2d at 290–91. By ordering Appellant to serve 150 days' incarceration, which effectively vacated the remaining 142

- 9 -

days of unserved backtime, the trial court imposed an illegal sentence. **See Holmes**, 933 A.2d at 59 n.5 (stating that the only sentence available to the court on the parole violation was the unexpired balance of the defendant's original sentence).

In sum, we conclude that the issue identified by appointed counsel is frivolous. However, our independent review has revealed that the trial court imposed an illegal sentence. Therefore, we vacate Appellant's judgment of sentence and remand for resentencing. On remand, we direct the trial court to recommit Appellant to serve the remainder of his backtime. At the resentencing hearing, the trial court also has the option of granting immediate parole or making Appellant parole eligible before the expiration of his backtime sentence. **See** 42 Pa.C.S. § 9776(e). Additionally, we deny appointed counsel's petition to withdraw.

Judgment of sentence vacated. Petition to withdraw denied. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/19