J-S06008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FELICIA ANN MELLOR | : | |
| | : | |
| Appellant | : | No. 1866 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 5, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002882-2017

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                     Filed: March 23, 2020

Felicia Ann Mellor appeals from the judgment of sentence, entered in the Court of Common Pleas of Delaware County, following revocation of her parole and recommitment to back time of 533 days with parole upon completion of a Prep 2 drug and alcohol program.  Mellor claims her sentence is excessive.  Counsel has filed a petition to withdraw and a brief pursuant to ***Anders***/***Santiago***.[1]  After our review, we conclude Mellor's argument that her sentence is excessive cannot be addressed in the context of a review of a parole revocation, and, therefore, is wholly frivolous.  Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

_____

[1] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

On September 11, 2017, Mellor entered a negotiated guilty plea to driving under the influence, 75 Pa.C.S.A. § 3731, graded as misdemeanor of the first degree. On that same date, the court sentenced Mellor to time served to 23 months' incarceration and granted Mellor immediate parole with conditions. On June 5, 2019, at a **Gagnon II**[2] hearing, the court found Mellor in violation of parole.[3] N.T. Gagnon II Hearing, 6/5/19, at 12. The court, upon recommendation of Mellor's parole officer, to whom the Commonwealth deferred, sentenced Mellor to full back time of 533 days, to be "immediately paroled upon successful completion of Prep 2 to her Pennsylvania address." *Id.* Mellor filed a motion for reconsideration, which was denied, and this timely appeal followed.

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to **Anders** and **Santiago**. Pursuant to **Anders** and **Santiago**, counsel is required to:

> 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review.

---

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[3] Mellor conceded she had violated parole. N.T. Gagnon II Hearing, 6/5/19, at 3-4.

***Santiago***, ***supra*** at 358-61; ***Commonwealth v. Hernandez***, 783 A.2d 784, 786 (Pa. Super. 2001).

Counsel's petition to withdraw indicates that he sent a copy of the ***Anders*** brief to Mellor, along with a letter advising her of her right to proceed *pro se* or with new, privately retained counsel. Petition to Withdraw, 11/22/19, at ¶¶ 5-6.[4] Moreover, counsel's brief substantially complies with the requirements of ***Anders***/***Santiago***. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record and relevant legal authorities that could arguably support Mellor's claim, and concludes that, after a thorough review of the record, the appeal is wholly frivolous. Accordingly, we conclude that counsel has met the technical requirements of ***Anders*** and ***Santiago***, and we can now undertake our review to determine whether the claim is wholly frivolous.

Counsel's ***Anders*** brief raises one issue of arguable merit: "Whether the term imposed herein is harsh and excessive under the circumstances due to the condition that Mellor could only be paroled from incarceration after completion of [the] Prep 2 Program, necessitating two more months of incarceration until the program even begins." ***Anders*** Brief, at 3.

Initially, we observe:

Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole

---

[4] Mellor has not filed a response to counsel's petition.

is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled. Therefore, the purposes of a court's parole revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order.

Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence. **As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive**. **Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal.** Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for sentence on the record. Challenges of those types again implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole.

***Commonwealth v. Kalichak***, 943 A.2d 285, 290-91 (Pa. Super. 2008) (internal citations omitted) (emphasis added).

Here, as noted above, Mellor is not challenging the revocation of her parole.[5] Rather, she is challenging the court's recommitment order. That order, requiring her to serve her full back time (522 days), made her eligible

---

[5] As noted, Mellor admitted to her parole violations. **See** n.3, **supra**. After the court found Mellor had violated parole, it had one sentencing option–to recommit Mellor to serve the already-imposed, original sentence. **See Kalichak**, **supra**. **See also Commonwealth v. Ware**, 737 A.2d 251, 253 (Pa. Super. 1999) (reaffirming that "upon revocation of parole, the only sentencing option available is recommitment to serve the balance of the term initially imposed").

for parole upon completion of the Prep 2 Program; however, there was a two and one-half month wait for the start of that program. The court acknowledged this, stating: "I wish the Prep 2 Program started a week from now instead of August 13 . . . but I can't control that." N.T. Gagnon II Hearing, **supra** at 10. In this regard, Mellor argues her sentence is "excessive."

Under our reasoning in **Kalichak**, Mellor cannot challenge the length of incarceration imposed by the court. That case also precludes Mellor's claim that she is somehow entitled to accelerated parole.[6] After an independent review of the record, we agree with counsel's assessment that Mellor's appeal

---

[6] At the time of recommitment, Mellor was enrolled in the Prep 1 Program, had two weeks left in that program, and was required to complete that before commencing Prep 2. N.T. Gagnon II Hearing, **supra** at 11. Notably, Mellor's parole officer testified as to why the Prep 2 Program was critical in Mellor's case:

> Your Honor, [Mellor] was in an intensive outpatient program before she quit going[,] which is why we recommended Prep 2. That will ensure that she actually successfully completes the program. As far as the no narcotic medications, that comes from the Director of the Mental Health Unit, Mary Ellen Hoffman[,] because [Mellor] has had a history of abusing prescription medications and narcotics in the past, that is why I was directed to include that in my recommendation. I – we don't have any objection to her going to her psychiatrist and she can be prescribed mental health medications that aren't narcotics.

**Id.** at 8-9. The Prep 2 Program, which commenced August 13, 2019 and continued for twelve weeks, theoretically concluded in November 2019. This Court has not been notified that Mellor successfully completed the program and has been paroled. We note that the court's June 5, 2019 recommitment to 522 days brings the completion date of Mellor's sentence to December 2020.

is wholly frivolous. ***See Kalichak***, ***supra***; ***see also Commonwealth v. Galletta***, 864 A.2d 532 (Pa. Super. 2004) (claim of excessive sentence cannot be addressed in context of review of parole revocation). We, therefore, affirm the judgment of sentence and grant counsel's request to withdraw.

Judgment of sentence affirmed. Motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:3/23/20